UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HERNAN GARCIA HERNANDEZ,

Petitioner,

v.

CURRENT OR ACTING WARDEN OF CENTRAL VALLEY ANNEX ICE DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-06066 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 4

Petitioner Hernan Garcia Hernandez is detained at the Central Valley Annex pending the resolution of his removal proceedings. He filed the instant petition for writ of habeas corpus and application for a temporary restraining order arguing that his detention violates due process, and seeking immediate release. *See* Dkt. Nos. 1, 4. For the reasons that follow, the Court finds that Petitioner is entitled to relief on his procedural due process claim, and resolves the application for a temporary restraining order as moot. Because this claim affords Petitioner all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's other remaining claims for relief.

## I. BACKGROUND

Petitioner is a native of Mexico who entered the United States in 2011 when he was a child. Dkt. No. 1 at 2, 9. Following his entry, Petitioner attended middle school and high school in Florida, and got engaged to a United States citizen. *Id*. at 11, 18. He and his fiancé have been together for over a decade and share five children together, all of whom are United States citizens. *Id*. at 11, 38. His wife is currently suffering from cancer, and is struggling to support

their family financially, care for their children, and attend medical appointments in his absence. *Id*. at 11, 22.

Though Petitioner has not previously been detained by immigration authorities, his most recent detention was not his first interaction with them. He submitted an application for asylum and withholding of removal with USCIS on August 19, 2024. *Id*. at 11, 15. Pursuant to that application, USCIS granted Petitioner work authorization on May 8, 2025, as well as a social security number. *Id*. at 15. Based on the record before the Court, that work authorization remains valid. Petitioner was scheduled to attend a USCIS appointment on December 8, 2025, however, he requested to reschedule it because his wife had a medical appointment for that day. *Id*. Accordingly, USCIS reset the appointment for June 29, 2026. *Id*.

Petitioner was detained by U.S. Immigrations and Customs Enforcement ("ICE") on June 29, 2026 at his scheduled USCIS appointment. *Id*. at 16, 21. When he arrived, ICE officers detained Petitioner, stating that his arrest was authorized because there was a warrant out for Petitioner's arrest from Arizona due to a pending burglary charge. *Id*. at 20. Though Petitioner has been arrested in the past—the last being in 2021 for driving under the influence—he tried to explain to the officers that the warrant must be a mistake as he had never been to Arizona. *Id*. at 20–21; *see* Dkt. No. 8-5 at 5–9. The arresting ICE officers later told Petitioner that they had gotten Petitioner's name mixed up with another individual, however, they still refused to release Petitioner. *Id*. at 21, 23.

## II. DISCUSSION

Respondents oppose habeas relief on two grounds. First, they argue that Petitioner was properly detained under 8 U.S.C. § 1225(a)(b)(2). Dkt. No. 9 at 1. Second, they contend that Petitioner is lawfully detained under § 1226(a) and has been provided with sufficient process under that statute as he was arrested pursuant to an administrative warrant and received a custody redetermination hearing before an Immigration Judge on August 12, 2026, though neither party has informed the Court of the outcome of that hearing. *Id*. at 1–2.

Regardless of the applicable detention authority here, however, the Court finds that

Petitioner was entitled to process *before* he was detained, rendering his continued detention unlawful. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

**A. Liberty Interest**

Judges throughout the Ninth Circuit have repeatedly held, on facts materially similar to these, "that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." *Norberto v. Warden*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026); *see also De La Garza v. Albarran*, No. 25-CV-10305, 2025 WL 3485157, at *4 (N.D. Cal. Dec. 4, 2025) (finding liberty interest where non-citizen had previously applied for legal permanent residence and completed biometrics processing, but was detained at an ICE check-in the following year); *Anderson v. Chernut*, No. 1:26-CV-01960, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) (explaining that "the government's knowing decision not to detain an individual creates a liberty interest in their continued release"); *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding that "the government's decision not to detain Petitioner when it processed her [immigration] application, took her biometrics, ... and advised her to appear" for appointments connected with her application gave rise to a liberty interest).

The court finds that reasoning applicable here. Petitioner has lived in the United States since childhood, applied for asylum in 2024, and was granted work authorization and a social security card by USCIS in 2025. Immigration authorities were aware of Petitioner's presence in the United States during this period and choose not to detain him. Indeed, they authorized him to

lawfully work in the United States. By acquiescing to his continued presence in the United States, the Government vested in Petitioner a liberty interest in his continued freedom while his immigration case proceeded.

The fact that § 1226(a) authorizes detention during removal proceedings does not defeat Petitioner's due process claim here. Though Respondents argue that they have authorization to detain Petitioner under § 1226(a), "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). And "the fact that a decision-making process involves discretion does not prevent an individual from having a protectable liberty interest." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019). As Petitioner was permitted to live at liberty for the last several years, he was entitled to process prior to the deprivation of his freedom.

**B. *Mathews* Factors**

Having found a protected liberty interest, Petitioner was entitled to process commensurate with that interest. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Each factor favors Petitioner here. His interest in freedom from physical detention is weighty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The risk of erroneous deprivation from seizing an asylum applicant, who received work authorization in 2025, at a scheduled USCIS appointment without any prior opportunity to be heard is substantial, and the value of a pre-deprivation hearing in reducing that risk is correspondingly high. This is particularly true here

given that the arresting ICE officers had apparently mistaken Petitioner for a different individual at the time of his arrest. In contrast, the Government's interest is minimal: it has identified no reason a custody hearing could not have preceded, rather than followed, Petitioner's detention, and a pre-deprivation hearing imposes only the ordinary administrative burden of a proceeding the Government must ultimately conduct under § 1226(a). Indeed, Respondents offer no specific reason to conclude that post-deprivation process would suffice to cure the constitutional violation in this case. Accordingly, the Court concludes that due process requires that Petitioner be released.

## III. CONCLUSION AND ORDER

For the reasons stated above, the petition for writ of habeas corpus is GRANTED as to Petitioner's procedural due process claim. The Court ORDERS Respondents to immediately release Petitioner from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal, or if exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

**IT IS SO ORDERED.**

Dated: September 17, 2026

VINCE CHHABRIA
United States District Judge